**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEONARD LLOYD,<br><br>        Petitioner,<br><br>    vs.<br><br>MARTIN BITER, Warden,<br><br>        Respondent. | Case No. CV 13-6129-JAK (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and Report and Recommendation of the U.S. Magistrate Judge.  On June 27, 2014, Petitioner filed Objections to the R&R, in which he primarily repeats arguments from the Petition and Traverse; he also filed a request for a certificate of appealability.  A few of Petitioner's assertions warrant a response.

    First, Petitioner repeatedly argues that evidence showing that he left the party shortly before the shooting undermined the strength of the prosecution's case and supports his insufficiency-of-the-evidence claim.  (See, e.g., Objections at 3, 4, 5, & 8.)  In fact, that evidence supported the jury's verdict, because the shooting did not take place at the party.

1  Rather, the uncontradicted evidence at trial was that the shooter
2  was standing several houses away, at the corner of the street.
3  (<u>See, e.g.</u>, Lodged Doc. 3, 2 Rep.'s Tr. at 638, 681, 3 Rep.'s Tr.
4  at 1900-01.)  Thus, various witnesses' statements that Petitioner
5  was seen at the party shortly before the shooting but had left by
6  the time of it actually was strong circumstantial evidence of his
7  guilt, particularly in light of testimony that Petitioner was
8  angry that the party was taking place.

9       Second, Petitioner presents an incomplete picture of some of
10 the evidence.  Edgar Gonzales did not testify that he told police
11 shortly after the murder that the man he saw running away after
12 the shooting was not Petitioner.  (<u>See, e.g.</u>, Objections at 3,
13 4.)  Rather, he specifically testified that he did not tell the
14 police that.  (Lodged Doc. 3, 2 Rep.'s Tr. at 955-57; <u>see also</u>
15 <u>id.</u> at 954 (testifying that he saw "two different people" but
16 then immediately objecting that defense counsel was "confusing"
17 him).)  And Tammie Favazza did not "fail" to identify Petitioner
18 in a photographic lineup.  (<u>See</u> Objections at 8.)  Rather, she
19 was shown six photographs one at a time and identified the third
20 one as the shooter, but then, when she was shown Petitioner's
21 photo two photos later, she "stared" at it and told the detective
22 it also "caught her eye."  (Lodged Doc. 3, 2 Rep.'s Tr. at 644-
23 49.)

24      Finally, Petitioner acknowledges that the Magistrate Judge
25 assumed Petitioner's counsel acted deficiently in not calling
26 Charde Ray as a witness (Objections at 10) but then argues the
27 merits of that failure to call her.  For instance, he asserts
28 that "the fact that a witness is slightly inaccurate in

describing a physical characteristic has never been a reason to dismiss the witness out of hand." (Id. at 11.) But the Magistrate Judge correctly concluded that the state superior court reasonably determined that any testimony Ray could have been given would have been cumulative to the numerous other witnesses who testified that the shooter was significantly shorter than Petitioner's six feet four inches, and thus Petitioner was not prejudiced by Ray's absence.

Although Petitioner is correct that "if respect for the jury's determinations of fact precludes . . . review, the protection of the Due Process right to proof beyond a reasonable doubt would be illusory" (Objections at 2), here, the Court of Appeal did not unreasonably determine that sufficient evidence from numerous different sources supported the jury's verdict. Similarly, as the state courts found, Petitioner was not prejudiced by any deficient performance on the part of his trial counsel.

The Court therefore accepts the findings and recommendations of the Magistrate Judge. The Court has separately denied Petitioner's request for a certificate of appealability. IT IS ORDERED that the Petition is denied without leave to amend and Judgment be entered dismissing this action with prejudice.

DATED: July 25, 2014

JOHN A. KRONSTADT
U.S. DISTRICT JUDGE